## THOMAS v. CATALANATTO. *
### No. 16198.

Court of Appeal of Louisiana. Orleans.
Nov. 18, 1935.

Joanna M. Palermo and S. Roccaforte, both of New Orleans, for appellant.

J. A. Woodville, of New Orleans, for appellee.

JANVIER, Judge.

This action for damages is brought under the provisions of the Civil Code (articles 2692–2695) which make the owner of a building answerable for whatever damage results from his neglect to keep the said building in repair. Plaintiff alleges that she received injuries when she fell through the defective flooring of the porch of a house which she, as tenant of defendant, was occupying.

Defendant contends that there is not sufficient proof that there was in fact any accident at all. He also maintains that if any repairs were necessary, they would have been of a minor nature and that plaintiff should herself have attended to them and that her failure to do so constituted on her part such negligence as should bar recovery. It is also maintained that, if the statements made as to the condition of the porch prior to the accident are true, it was contributory negligence for plaintiff to use the porch at all. Finally, defendant alleged in his answer that plaintiff herself "created the said dangerous condition of the porch which caused the alleged injuries and * * * that defects or vices, if any, arose from the fault of the plaintiff lessee."

The case was tried by jury which rendered a verdict in favor of plaintiff for $250. From a judgment based thereon, defendant has appealed.

The first contention is that there is not in the record sufficient proof that there was, in fact, any accident at all. Defend-

ant argues that it would not have been possible for the leg of so large a woman—that is the part of plaintiff's anatomy which is said to have broken through the flooring—to have passed through so small an opening as that which was created by the removal of the two boards which are said to have broken. But the record convinces us that each of the boards was at least 3½ inches or 3¾ inches wide. When they were removed, there remained an open space at least 7 inches wide. This would have been sufficient for the leg of a very stout woman to have passed through as far as the thigh. In view of the positive evidence that the leg did pass through this opening, we cannot be persuaded by conjecture alone that it did not do so.

█ The contention that plaintiff should herself have had the repairs made is based on what has been held to be an erroneous interpretation of article 2694 of the Civil Code. Under that article the tenant is given the right to have repairs made under certain circumstances and to deduct the cost thereof from rent due or to become due. But in Boutte v. New Orleans Terminal Company, 139 La. 945, 72 So. 513, 516, the Supreme Court clearly and definitely held that the article in question does not place upon the lessee any duty to have any such repairs made and, that, therefore, the failure to make such repairs cannot be held to constitute contributory negligence.

█ Another contention of defendant is based on the fact that plaintiff alleges that she had complained many times about the condition of the premises. It is argued from this that the defects must have been obvious and that, therefore, her continued use of the said gallery constituted contributory negligence which should bar recovery. Strangely enough, this same contention was made in Boutte v. New Orleans Terminal Co., supra, and in that case the court held that although the allegations and the proof showed that there was knowledge of the defective condition of the balustrade, and that many complaints had been made, obviously there could not have been a realization of the extreme danger of using it. We quote from that opinion:

"To assume that the lessee, in this case, knew that the balcony was so rotten that it could not withstand her weight would be to assume that she committed suicide. All that could be assumed in that respect would be that she knew or ought to have known that the balcony was unsafe. The evidence, however, does not justify our concluding that the danger was so apparent as to do away with the provisions of article 2695 of the Civil Code, whereby the lessor was bound to guarantee the lessee against all vices and defects in the leased premises and to indemnify her for any loss resulting therefrom."

We reach the same conclusion here.

█ During the trial of the case in the court below, defendant tendered evidence in support of his allegations that "the plaintiff herself created the said dangerous condition" and "that defects or vices, if any, arose from fault of the plaintiff lessee." Objection was made to the introduction of such evidence on the ground that the allegations of the answer were not sufficiently definite and detailed to warrant the introduction of evidence in support thereof. This objection was maintained and the evidence was excluded. Defendant now argues that if the other defenses be not considered sound by us, we should, at least, remand the matter with instructions to receive the evidence in support of the allegations from which we have quoted.

But a study of the answer convinces us that the ruling made by our brother below was correct. The allegations are general in the extreme. There is no definite, specific statement of any particular act which the plaintiff is charged with having committed. Before proof may be introduced, a party must be put on guard as to what acts are charged. Obviously, no evidence was admissible to support such general charges as appear in the answer.

An examination of the evidence with reference to the injuries sustained leads us to the conclusion that the award made below does substantial justice.

It is, therefore, ordered, adjudged, and decreed that the judgment appealed from be and it is affirmed at the cost of appellant.

Affirmed.

McCALL, Judge ad hoc, participating in absence of Judge LECHE.